EFILED IN OFFICE
CLERK OF STATE COURT
CATOOSA COUNTY, GEORGIA
STCV2023000129
DEC 26, 2023 04:51 PM
Tracy Brown, Clerk
Catoosa County, Georgia

IN THE STATE COURT OF CATOOSA COUNTY
STATE OF GEORGIA

RICHARD EDGAR DURHAM, and
JANET LYNN DURHAM,

*Plaintiffs*,

vs.

WALMART INC., and WAL-MART
STORES EAST, LP (DELAWARE),

*Defendants*.

CIVIL ACTION FILE NO.:

**COMPLAINT FOR DAMAGES**

COME NOW, Plaintiffs Richard Edgar Durham ("Mr. Durham") and Janet Lynn Durham ("Mrs. Durham") (collectively, the "Durhams"), in the above-referenced matter and, by and through undersigned counsel, hereby file this complaint against Defendants Walmart INC. and Wal-Mart Stores East, LP (Delaware) (the Defendants are collectively hereinafter referred to as: "Walmart"), for personal injuries and damages and loss of consortium suffered as a result of the negligence of Walmart, and shows the Court the following:

PARTIES, JURISDICTION AND VENUE

1.

Mr. Durham is a resident of Catoosa County, Georgia, and this Court is a proper and convenient venue for this matter to be adjudicated in full.

2.

Mrs. Durham is a resident of Catoosa County, Georgia, and this Court is a proper and convenient venue for this matter to be adjudicated in full.

3.

Walmart INC. is a foreign for-profit corporation authorized to do business in the State of Georgia which operates and conducts business at the Walmart Supercenter store located at 3040

Battlefield Parkway, Fort Oglethorpe, Catoosa County, Georgia 30742, and is subject to the jurisdiction of this Court. Walmart, INC. may be served with process through its registered agent, The Corporation Company (FL), at **106 Colony Park Dr., Suite 800-B, Cumming, GA 30040-2794**.

4.

Wal-Mart Stores East, LP (Delaware) is a foreign for-profit limited partnership authorized to do business in the State of Georgia, which operates and conducts business at the Walmart Supercenter store located at 3040 Battlefield Parkway, Fort Oglethorpe, Catoosa County, Georgia 30742, and Wal-Mart Stores East, LP (Delaware) is subject to the jurisdiction of this Court. Wal-Mart Stores East, LP (Delaware) may be served with process through its registered agent, The Corporation Company (FL), at **106 Colony Park Dr., Suite 800-B, Cumming, GA 30040-2794**.

5.

This Court has subject-matter jurisdiction over all issues contemplated in this action, and this Court has personal jurisdiction over the parties to this action.

6.

This Court is the proper and convenient venue for all parties to this action to be heard.

## FACTUAL BACKGROUND

7.

Plaintiffs reassert and reallege each and every allegation contained in Paragraphs 1-7 above, as if fully restated verbatim herein.

8.

Walmart is a multinational corporation that is one of the largest retail businesses in the world, and is in the business of selling produce, deli meats, butchered meats, and packaged and frozen foods, as well as other general grocery items, in addition to a multitude of home supplies and home improvement items, to the general public.

9.

Walmart has one of the largest marketing presences in the world, including in Catoosa County, and spends billions of dollars each year advertising to the general public to encourage potential customers to come to their stores to purchase its products.

10.

On December 23, 2021, Mr. and Mrs. Durham went to the Walmart Supercenter store located at 3040 Battlefield Parkway, Fort Oglethorpe, Catoosa County, Georgia, for the purpose of shopping for groceries and other sundries and the Durhams were business invitees of Walmart on that day.

11.

After entering the Fort Oglethorpe Walmart Supercenter store via the eastern entrance, the Durhams began walking westward across the store between the check-out lanes and the front of the store when, suddenly and without warning or notice of any type, Mr. Durham stepped into an area covered with a liquid substance and he slipped and fell on a liquid substance that had been spilled on the floor near the check-out lanes at the front of the store across from the Customer Service desk, causing Mr. Durham to do a "split" action and to land awkwardly, resulting in injuries to Mr. Durham's left knee, right ankle and right Achilles tendon, as well as extensive vascular issues in his legs, loss of mobility, and severe and ongoing pain.

12.

Mr. Durham was required to seek healthcare as a result of the injuries he suffered from his slip and fall at the Fort Oglethorpe Walmart Supercenter store, and has necessarily incurred medical expenses in the amount of at least $63,112.18.

13.

Prior to the time of Mr. Durham's fall, a Walmart manager had been sitting at a table that was directly across from where Mr. Durham fell, and was facing the location of the liquid

substance on the floor of the Walmart, and accordingly the spilled liquid was clearly visible to the Walmart manager.

14.

The Walmart manager, in addition to the many other check-out attendants and other Walmart employees in the area, knew or should have known that the liquid substance had been spilled on the floor and had created a hazardous condition to Walmart's customers.

15.

Despite the Walmart manager's actual and/or constructive knowledge of the liquid substance, Walmart had placed no signs or warnings of any kind providing notice to customers of the hazardous condition caused by the spilled liquid, and made no attempts to clean up the spilled liquid, cordon off the affected area, or remediate the hazard in any way.

16.

At all times, Mr. Durham exercised a proper and reasonable amount of care for his own safety as would a similarly-situated customer of Walmart, but did not see or become aware of the substance that created the slick and slippery condition of the Fort Oglethorpe Walmart Supercenter store on December 23, 2021, and Mr. Durham did not see and had no notice or reason to be aware of the spilled liquid until he stepped into it and slipped and fell.

17.

Mr. Durham's slip and fall was the direct result of the liquid substance being on the floor of the Walmart, which was a hazardous condition of which Walmart had constructive and/or actual knowledge.

18.

The Walmart employees and manager assisted Mr. Durham in getting him up, out of the wet area on the store floor where he slipped and fell and helped him get on his way out of the store, but before Mr. Durham could leave, the store manager instructed Mr. Durham to go to a local clinic to get examined medically.

19.

Mr. and Mrs. Durham went to the local clinic for help but, after waiting for some time, the clinic personnel refused to examine Mr. Durham.

20.

Mr. and Mrs. Durham have been husband and wife for over forty years, having been married on October 2, 1982.

21.

After Mr. Durham was injured as a result of his slip and fall at the Fort Oglethorpe Walmart Supercenter store, Mrs. Durham was unable to enjoy the love, society, companionship, services, comfort and consortium of Mr. Durham while he was recovering.

COUNT I: NEGLIGENCE PER SE PURSUANT TO O.C.G.A. § 51-3-1

22.

Plaintiffs reassert and reallege each and every allegation contained in Paragraphs 1-23 above, as if fully restated verbatim herein.

23.

O.C.G.A. § 51-3-1 provides: "Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."

24.

Mr. Durham was a business invitee of Walmart who was on the premises for the purposes of shopping for Walmart's products, and was thus in the class of persons O.C.G.A. § 51-3-1 was designed to protect.

25.

Walmart knew, or in the exercise of ordinary care, should have known, that a spill had occurred in a highly-trafficked area, the checkout line of the store, that created a dangerous condition and immediate risk of harm to any unsuspecting customer.

26.

By failing to clean up the spilled liquid, cordon off the affected area, or warning its customers of the hazard the spilled liquid represented, Walmart failed to keep the Walmart Supercenter store located at 3040 Battlefield Parkway, Fort Oglethorpe, Catoosa County, Georgia 30742 safe, in violation of O.C.G.A. § 51-3-1, thereby breaching the statutory duty of care it owed to Mr. Durham.

27.

Walmart's knowledge of the spilled liquid was superior to Mr. Durham's, as Walmart had actual and/or constructive knowledge of the spilled liquid whereas Mr. Durham, despite exercising due care for his own safety, did not see the spilled liquid and lacked knowledge of the spilled liquid and the hazard it created.

28.

Mr. Durham's slip and fall on the spilled liquid at the Fort Oglethorpe Walmart Supercenter store and his resulting injuries and damages, which include medical and other necessary expenses, loss of mobility, loss of enjoyment of life, and mental and physical pain and suffering, were a direct and proximate result of Walmart's breach of the duty of care established by O.C.G.A. § 51-3-1.

29.

The injuries and damages suffered by Mr. Durham as a result of his slip and fall at the Fort Oglethorpe Walmart Supercenter store are the types of harm that O.C.G.A. § 51-3-1 was intended to guard against.

30.

By reason of the foregoing, Mr. Durham is entitled to recover compensatory damages, including all general and special damages, in an amount to be proven at trial.

COUNT II: COMMON-LAW NEGLIGENCE

31.

Plaintiffs reassert and reallege each and every allegation contained in Paragraphs 1-32 above, as if fully restated verbatim herein.

32.

The owner or occupier of real property owes a common-law duty to exercise ordinary care to keep the premises safe for all invitees, and, accordingly, Walmart owed Mr. Durham, as a business invitee, a duty to exercise ordinary care in keeping and maintaining the Fort Oglethorpe Walmart Supercenter store in a safe condition.

33.

As a part of this duty of care, Walmart had a duty to reasonably inspect and maintain the store to be free of hazardous foreign substances, and to correct dangerous conditions or to warn customers of dangerous conditions, of which it has superior knowledge to its invitees.

34.

Walmart knew, or in the exercise of ordinary care, should have known, that a spill had occurred in a highly-trafficked area of the store that created a dangerous condition and immediate risk of harm to any unsuspecting customer.

35.

Walmart, despite having actual and/or constructive knowledge of the spilled liquid on the floor of the store, breached the duty of care it owed to Mr. Durham by negligently failing to clean the liquid, cordon off the affected area, or provide any warnings whatsoever of the danger the spilled liquid created.

36.

Walmart's knowledge of the spilled liquid was superior to Mr. Durham's, as Walmart had actual and/or constructive knowledge of the spilled liquid whereas Mr. Durham, despite exercising due care for his own safety, did not see the spilled liquid and lacked knowledge of the spilled liquid and the hazard it created.

37.

Mr. Durham's slip and fall on the spilled liquid at the Fort Oglethorpe Walmart Supercenter store and his resulting injuries and damages, which include personal injury, medical and other necessary expenses, loss of mobility, loss of enjoyment of life, and mental and physical pain and suffering, were the direct and proximate result of Walmart's breach of the duty of care it owed to Mr. Durham and its negligence in unreasonably failing to inspect and maintain the Fort Oglethorpe Walmart Supercenter store and to protect its customers from hazardous foreign substances.

38.

By reason of the foregoing, Mr. Durham is entitled to recover compensatory damages, including all general and special damages, in an amount to be proven at trial.

## COUNT III: LOSS OF CONSORTIUM

39.

Plaintiffs reassert and reallege each and every allegation contained in Paragraphs 1-40 above, as if fully restated verbatim herein.

40.

At the time that Mr. Durham was injured as a result of his slip and fall at the Fort Oglethorpe Walmart Supercenter store, he was married to Mrs. Durham, and has continued to be married to Mrs. Durham to this date.

41.

As Mr. Durham's spouse, Mrs. Durham is entitled to the consortium, that is, the society, companionship, conjugal affection, love, aid, services, cooperation, and comfort provided by Mr. Durham as a result of their marital relationship.

42.

As a direct and proximate result of Defendants' negligence and the injuries suffered by Mr. Durham as a result thereof, Mrs. Durham was unable to enjoy the companionship of her husband, Mr. Durham, and thereby lost the consortium to which she was entitled with Mr. Durham, her spouse.

43.

By reason of the foregoing, Mrs. Durham is entitled to recover compensatory damages, in an amount to be proven at trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Mr. and Mrs. Durham respectfully request this Court:

a) Issue service of process upon Defendants as provided by law;

b) Empanel a jury of twelve for the trial of this matter by a fair and impartial jury;

c) Enter an order finding that the Defendants have breached the duty of care owed to Mr. Durham and were in fact negligent *per se* in failing to clean up or place Mr. Durham on notice of the dangerous condition of the floor where Mr. Durham fell;

d) Find that Defendants are liable for the injuries and damages suffered by Plaintiffs;

e) Enter judgment in favor of Mr. Durham and award Mr. Durham a sum in the amount of at least $63,112.18 to compensate him for the medical expenses and other special damages he has incurred as a result of Defendants' negligence;

f) Enter judgment in favor of Mr. Durham and award Mr. Durham a sum to be proved at trial for any future medical expenses or other special damages he will incur as a result of Defendants' negligence;

g) Enter judgment in favor of Mr. Durham and award Mr. Durham a sum to be determined by the enlightened conscious of an impartial jury to compensate him for his loss of enjoyment of life and pain and suffering he has incurred or will incur in the future as a result of Defendants' negligence;

h) Enter judgment in favor of Mr. Durham and award Mr. Durham a sum to be determined by the enlightened conscious of an impartial jury to compensate him for the loss of mobility;

i) Enter judgment in favor of Mrs. Durham and award Mrs. Durham a sum in an amount to be determined by the enlightened conscious of an impartial jury to compensate her for the loss of consortium she suffered as a result of the injuries to Mr. Durham that were caused by Defendants' negligence;

j) Award the Durhams an amount sufficient to reimburse them for the reasonable attorney's fees and costs they have incurred as a result of being forced to prosecute this action;

k) Provide any and all other and further relief this Court deems just and appropriate.

Respectfully submitted, this 26th day of December 2023.

WELDON LAW FIRM

*<u>/s/ Tom D. Weldon, Jr.</u>*
Tom D. Weldon, Jr.
Georgia State Bar No. 057843
Attorneys for Richard Edgar Durham and
Janet Lynn Durham

Weldon Law Firm
201 Evitt Parkway
Ringgold, GA 30736
(706) 965-4007
Email: tweldon@weldonlawfirm.com

IN THE STATE COURT OF CATOOSA COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| RICHARD EDGAR DURHAM, and JANET LYNN DURHAM,<br><br>*Plaintiffs*,<br><br>vs.<br><br>WALMART INC., and WAL-MART STORES EAST, LP (DELAWARE),<br><br>*Defendants*. | ) | CIVIL ACTION FILE NO.: 2023-ST-CV-129 |

**PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT WAL-MART STORES EAST, LP (DELAWARE)**

COMES NOW, Plaintiffs, RICHARD EDGAR DURHAM, AND JANET LYNN DURHAM (hereinafter collectively referred to as "Plaintiffs) and hereby requests that Defendant WAL-MART STORES EAST, LP (hereinafter, "Walmart", and/or "Defendant") admit for the purpose of this action the truth of the following facts within the time prescribed by law following the date of service hereto and in conformity with O.C.G.A. § 9-11-36.

**INSTRUCTIONS**

(1) If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter.

(2) If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications.

(3) You may not give lack of information or knowledge as a reason for failure to admit or deny Requests to Admit, unless you state that you have made a reasonable inquiry and that the information known or readily obtainable is insufficient to enable you to answer.

(4) The Plaintiff further advises you that if you fail to admit the truth of any matter as

requested in the Requests for Admissions, and if the Plaintiff thereafter proves the truth of the matter, the Plaintiff will apply to the Court for an Order requiring you to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

**REQUESTS FOR ADMISSION**

1. Please admit that on the December 23, 2022, you were the owner of Walmart Supercenter store number 1458 located at 3040 Battlefield Parkway, Fort Oglethorpe Georgia 30742.

2. Please admit that on the date of the incident alleged in the Plaintiff's Complaint, you operated the Walmart Supercenter store number 1458 located at 3040 Battlefield Parkway, Fort Oglethorpe Georgia 30742.

3. Please admit that the Wal-Mart Stores East, LP is the correct entity named in this suit.

4. Please admit that WALMART INC., is the correct entity named in this suit.

5. Please admit that the Plaintiff was injured inside the Walmart Supercenter store number 1458 located at 3040 Battlefield Parkway, Fort Oglethorpe Georgia 30742, on December 23, 2021.

6. Please admit that there have been numerous cases of customers who have slipped and fell in the same area where the Plaintiff Richard Edgar Durham fell in Walmart Supercenter store number 1458 located at 3040 Battlefield Parkway, Fort Oglethorpe Georgia 30742 on December 23, 2021.

7. Please admit that at the time of the Plaintiff Richard Edgar Durham's injury on the date of the incident alleged in the Complaint, the Plaintiff was an invitee on the subject premises of the Defendant.

8. Please admit that the Plaintiff Richard Edgar Durham was injured on December 23, 2021, inside the Walmart Supercenter store number 1458 located at 3040 Battlefield Parkway, Fort Oglethorpe Georgia 30742, building due to a hazardous condition that existed upon the floor at the time of the incident alleged in Plaintiffs' Complaint.

9. Please admit that a hazardous condition existed on the subject premises in the area of the Plaintiff's incident on the date of the incident alleged in the Plaintiff's Complaint.

10. Please admit that you, by and through your employees at the subject property were under a duty to mitigate potential injuries that could occur as a result of the conditions that existed at the time of the Plaintiff's injury.

11. Please admit that you, by and through your employees at the subject location, had actual knowledge of the hazardous condition that caused the Plaintiff to incur an injury.

12. Please admit that you, by and through your employees at the subject location, had constructive knowledge of the hazardous condition that caused the Plaintiff's injury.

13. Please admit that the Plaintiff was injured in an area used by invitees of the Defendant.

14. Please admit that on the date of the incident alleged in the Complaint, the area where the Plaintiff was struck was included within an area designated for inspection by your employees.

15. Please admit that on December 23, 2021, your employees had actual knowledge of the potential for the hazardous condition that existed in the area where the Plaintiff was injured at the subject property prior to the incident.

16. Please admit that on the date of the incident alleged in the Complaint, your employees had constructive knowledge of the potential for such hazardous conditions existed in the area where the Plaintiff was injured at the subject property.

17. Please admit that you did not exercise ordinary care in keeping the premises and approaches safe.

18. Please admit that there were no signs or warnings posted in the area where the Plaintiff was injured.

19. Please admit that no Walmart employees warned Plaintiff of the hazard prior to his injury.

20. Please admit that Plaintiff had no knowledge of the hazardous condition that caused his injury.

21. Please admit that at least one member of Defendants' staff observed the Plaintiff after the incident alleged in the Plaintiff's Complaint.

22. Please admit that at least one Walmart employee observed Plaintiff's injury.

23. Please admit that there were numerous Walmart employees in a position capable of observing the location of the hazardous condition that existed at the time of Plaintiff's injury.

24. Please admit that there is policy in place requiring Walmart employees to setup signage indicating a spill of liquids upon the floors where Walmart customers and invitees are expected to traverse or occupy inside Walmart stores.

25. Please admit that, prior to the date of the incident alleged in the Complaint, you conducted risk mitigation studies pertaining to the risk of falling and injuries to Walmart Customers when liquids are present upon the floors of the Walmart SUPERCENTER stores.

26. Please admit that, after the occurrence of the incident alleged in the Complaint, Defendant did not follow proper protocol, pursuant to Walmart policies, in investigating the cause of Plaintiff's injuries.

27. Please admit that, after the occurrence of the incident alleged in the Complaint,

Defendant did not follow proper protocol, pursuant to Walmart policies, in installing signage and spill remediation in the area of Plaintiff Richard Edgar Durham's fall.

28. Please admit that this court has personal jurisdiction over the Defendant Walmart for this lawsuit.

29. Please admit that venue for this action is proper as alleged in the Complaint.

30. Please admit that service of process on Walmart was proper.

31. Please admit on the date of the incident, you had devices which captured photos or video of the area in which the Plaintiff was injured.

32. Please admit that your cameras captured the alleged incident.

33. Please admit that you have security personnel in place to monitor these cameras.

34. Please admit that other invitees or pedestrians have slipped and fallen in the same area described in Plaintiffs' Complaint at or near the same area where Plaintiff Richard Edgar Durham fell on December 23, 2021, inside the Walmart Supercenter store number 1458 located at 3040 Battlefield Parkway, Fort Oglethorpe Georgia 30742.

35. Please admit that no corrective action was taken following these incidents.

Respectfully submitted, this 27th day of December 2023.

WELDON LAW FIRM

*/s/ Tom D. Weldon, Jr.*
Tom D. Weldon, Jr.
Georgia State Bar No. 057843
Attorneys for Richard Edgard Durham

Weldon Law Firm
201 Evitt Parkway
Ringgold, GA 30736
(706) 965-4007

IN THE STATE COURT OF CATOOSA COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| RICHARD EDGAR DURHAM, and JANET LYNN DURHAM,<br><br>*Plaintiffs*,<br><br>vs.<br><br>WALMART INC., and WAL-MART STORES EAST, LP (DELAWARE),<br><br>*Defendants*. | ) | CIVIL ACTION FILE NO.: 2023-ST-CV-129 |

**PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT WALMART INC.**

COMES NOW, Plaintiffs, RICHARD EDGAR DURHAM, AND JANET LYNN DURHAM (hereinafter referred to as "Plaintiffs) and hereby requests that WALMART INC., (hereinafter, "WALMART," "Walmart Inc.," and/or "Defendant") admit for the purpose of this action the truth of the following facts within the time prescribed by law following the date of service hereto and in conformity with O.C.G.A. § 9-11-36.

**INSTRUCTIONS**

(1) If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter.

(2) If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications.

(3) You may not give lack of information or knowledge as a reason for failure to admit or deny Requests to Admit, unless you state that you have made a reasonable inquiry and that the information known or readily obtainable is insufficient to enable you to answer.

(4) The Plaintiff further advises you that if you fail to admit the truth of any matter as requested in the Requests for Admissions, and if the Plaintiff thereafter proves the truth of the

matter, the Plaintiff will apply to the Court for an Order requiring you to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

**REQUESTS FOR ADMISSION**

1. Please admit that on the December 23, 2022, you were the owner of Walmart Supercenter store number 1458 located at 3040 Battlefield Parkway, Fort Oglethorpe Georgia 30742.

2. Please admit that on the date of the incident alleged in the Plaintiff's Complaint, you operated the Walmart Supercenter store number 1458 located at 3040 Battlefield Parkway, Fort Oglethorpe Georgia 30742.

3. Please admit that the Wal-Mart Stores East, LP is the correct entity named in this suit.

4. Please admit that WALMART INC., is the correct entity named in this suit.

5. Please admit that the Plaintiff was injured inside the Walmart Supercenter store number 1458 located at 3040 Battlefield Parkway, Fort Oglethorpe Georgia 30742, on December 23, 2021.

6. Please admit that there have been numerous cases of customers who have slipped and fell in the same area where the Plaintiff Richard Edgar Durham fell in Walmart Supercenter store number 1458 located at 3040 Battlefield Parkway, Fort Oglethorpe Georgia 30742 on December 23, 2021.

7. Please admit that at the time of the Plaintiff Richard Edgar Durham's injury on the date of the incident alleged in the Complaint, the Plaintiff was an invitee on the subject premises of the Defendant.

8. Please admit that the Plaintiff Richard Edgar Durham was injured on December 23, 2021, inside the Walmart Supercenter store number 1458 located at 3040 Battlefield

Parkway, Fort Oglethorpe Georgia 30742, building due to a hazardous condition that existed upon the floor at the time of the incident alleged in Plaintiffs' Complaint.

9. Please admit that a hazardous condition existed on the subject premises in the area of the Plaintiff's incident on the date of the incident alleged in the Plaintiff's Complaint.

10. Please admit that you, by and through your employees at the subject property were under a duty to mitigate potential injuries that could occur as a result of the conditions that existed at the time of the Plaintiff's injury.

11. Please admit that you, by and through your employees at the subject location, had actual knowledge of the hazardous condition that caused the Plaintiff to injury.

12. Please admit that you, by and through your employees at the subject location, had constructive knowledge of the hazardous condition that caused the Plaintiff's injury.

13. Please admit that the Plaintiff was injured in an area used by invitees of the Defendant.

14. Please admit that on the date of the incident alleged in the Complaint, the area where the Plaintiff was struck was included within an area designated for inspection by your employees.

15. Please admit that on December 23, 2021, your employees had actual knowledge of the potential for the hazardous condition that existed in the area where the Plaintiff was injured at the subject property prior to the incident.

16. Please admit that on the date of the incident alleged in the Complaint, your employees had constructive knowledge of the potential for such hazardous conditions existed in the area where the Plaintiff was injured at the subject property.

17. Please admit that you did not exercise ordinary care in keeping the premises and approaches safe.

18. Please admit that there were no signs or warnings posted in the area where the

Plaintiff was injured.

19. Please admit that no WALMART employees warned Plaintiff of the hazard prior to his injury.

20. Please admit that Plaintiff had no knowledge of the hazardous condition that caused his injury.

21. Please admit that at least one member of Defendants' staff observed the Plaintiff after the incident alleged in the Plaintiff's Complaint.

22. Please admit that at least one Walmart employee observed Plaintiff's injury.

23. Please admit that there were numerous WALMART employees in a position capable of observing the location of the hazardous condition that existed at the time of Plaintiff's injury.

24. Please admit that there is policy in place requiring WALMART employees to setup signage indicating a spill of liquids upon the floors where WALMART customers and invitees are expected to traverse or occupy inside WALMART stores.

25. Please admit that, prior to the date of the incident alleged in the Complaint, you conducted risk mitigation studies pertaining to the risk of falling and injuries to WALMART CUSTOMERS when liquids are present upon the floors of the WALMART SUPERCENTER stores.

26. Please admit that, after the occurrence of the incident alleged in the Complaint, Defendant did not follow proper protocol, pursuant to WALMART policies, in investigating the cause of Plaintiff's injuries.

27. Please admit that, after the occurrence of the incident alleged in the Complaint, Defendant did not follow proper protocol, pursuant to WALMART policies, in installing signage and spill remediation in the area of Plaintiff Richard Edgar Durham's fall.

28. Please admit that this court has personal jurisdiction over the Defendant WALMART for this lawsuit.

29. Please admit that venue for this action is proper as alleged in the Complaint.

30. Please admit that service of process on WALMART was proper.

31. Please admit on the date of the incident, you had devices which captured photos or video of the area in which the Plaintiff was injured.

32. Please admit that your cameras captured the alleged incident.

33. Please admit that you have security personnel in place to monitor these cameras.

34. Please admit that other invitees or pedestrians have slipped and fallen in the same area described in Plaintiffs' Complaint at or near the same area where Plaintiff Richard Edgar Durham fell on December 23, 2021, inside the Walmart Supercenter store number 1458 located at 3040 Battlefield Parkway, Fort Oglethorpe Georgia 30742.

35. Please admit that no corrective action was taken following the incident involving Plaintiff Richard Edgar Durham.

Respectfully submitted, this 27th day of December 2023.

WELDON LAW FIRM

*/s/ Tom D. Weldon, Jr.*
Tom D. Weldon, Jr.
Georgia State Bar No. 057843
Attorneys for Richard Edgard Durham

Weldon Law Firm
201 Evitt Parkway
Ringgold, GA 30736
(706) 965-4007

IN THE STATE COURT OF CATOOSA COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| RICHARD EDGAR DURHAM, and JANET LYNN DURHAM,<br><br>*Plaintiffs*,<br><br>vs.<br><br>WALMART INC., and WAL-MART STORES EAST, LP (DELAWARE),<br><br>*Defendants*. | ) | CIVIL ACTION FILE NO.: 2023-ST-CV-129 |

**RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY**

I HEREBY CERTIFY that the following discovery material was served upon Defendant Wal-mart Stores East, LP (Delaware) via hand delivery along with a copy of the Complaint and Summons filed in this matter, upon The Corporation Company (FL), Wal-Mart Stores East, LP's registered agent for service of process, on December 27, 2023, at 106 Colony Park Dr., Suite 800-B, Cumming, Georgia 30040-2794.

1) Plaintiffs' First Requests for Admissions to Defendant Wal-Mart Stores East, LP (Delaware).

Respectfully submitted, this 27th day of December 2023.

WELDON LAW FIRM

*/s/ Tom D. Weldon, Jr.*
Tom D. Weldon, Jr.
Georgia State Bar No. 057843
Attorneys for Richard Edgard Durham

Weldon Law Firm
201 Evitt Parkway
Ringgold, GA 30736
(706) 965-4007

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY has been served via hand delivery upon the following:

Wal-Mart Stores East, LP (Delaware)
c/o The Corporation Company (FL), Registered Agent for Service of Process
106 Colony Park Dr., Suite 800-B
Cumming, GA 30040-2794

This 27th day of December 2023.

*/s/ Tom D. Weldon, Jr.*
Tom D. Weldon, Jr.

IN THE STATE COURT OF CATOOSA COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| RICHARD EDGAR DURHAM, and JANET LYNN DURHAM,<br><br>*Plaintiffs*,<br><br>vs.<br><br>WALMART INC., and WAL-MART STORES EAST, LP (DELAWARE),<br><br>*Defendants*. | ) | CIVIL ACTION FILE NO.: 2023-ST-CV-129 |

**RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY**

I HEREBY CERTIFY that the following discovery material was served upon Defendant Walmart, INC. via hand delivery along with a copy of the Complaint and Summons filed in this matter, upon The Corporation Company (FL), Walmart INC.'s registered agent for service of process, on December 27, 2023, at 106 Colony Park Dr., Suite 800-B, Cumming, Georgia 30040-2794.

1) Plaintiffs' First Requests for Admissions to Defendant Wal-Mart, INC.

Respectfully submitted, this 27th day of December 2023.

WELDON LAW FIRM

*/s/ Tom D. Weldon, Jr.*
Tom D. Weldon, Jr.
Georgia State Bar No. 057843
Attorneys for Richard Edgard Durham

Weldon Law Firm
201 Evitt Parkway
Ringgold, GA 30736
(706) 965-4007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY has been served via hand delivery upon the following:

Wal-Mart Stores East, LP (Delaware)
c/o The Corporation Company (FL), Registered Agent for Service of Process
106 Colony Park Dr., Suite 800-B
Cumming, GA 30040-2794

This 27th day of December 2023.

*/s/ Tom D. Weldon, Jr.*
Tom D. Weldon, Jr.

IN THE STATE COURT OF CATOOSA COUNTY
STATE OF GEORGIA

RICHARD EDGAR DURHAM AND
JANET LYNN DURHAM,

Plaintiff,

v.

WALMART INC. AND
WAL-MART STORES EAST, LP (DELAWARE),

Defendants.
_____________________________________________/

Civil Action File No. STCV2023000129

ANSWER OF DEFENDANTS

COME NOW, Defendants WALMART INC. and WAL-MART STORES EAST, LP and make this Answer to Plaintiffs' Complaint as follows:

FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendants upon which relief can be granted.

SECOND DEFENSE

Plaintiffs' alleged damages, if any, were directly and proximately caused by Plaintiffs' own contributory negligence and failure to exercise ordinary care.

THIRD DEFENSE

Plaintiff Richard Edgar Durham was not in the exercise of ordinary care for his own safety in the premises, and by the exercise of ordinary care could have

avoided any injury to himself; and on account thereof, Plaintiffs are not entitled to recover from Defendants.

FOURTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiffs.

FIFTH DEFENSE

Plaintiffs assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendants.

SIXTH DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitation.

SEVENTH DEFENSE

Plaintiffs' claims are barred by laches.

EIGHTH DEFENSE

Plaintiff's claims for attorney’s fees should be dismissed as a matter of law.

NINTH DEFENSE

Defendants respond to the enumerated paragraphs of Plaintiffs' Complaint as follows:

1.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 1 of the Plaintiffs' Complaint.

2.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3.

Defendants deny the allegations contained in paragraph 3 of the Plaintiffs' Complaint. Jurisdiction and venue are now proper in the United States District Court, Northern District of Georgia, Rome Division.

4.

Defendants deny the allegations contained in paragraph 4 of the Plaintiffs' Complaint. Jurisdiction and venue are now proper in the United States District Court, Northern District of Georgia, Rome Division.

5.

Defendants deny the allegations contained in paragraph 5 of the Plaintiffs' Complaint. Jurisdiction and venue are now proper in the United States District Court, Northern District of Georgia, Rome Division.

6.

Defendants deny the allegations contained in paragraph 6 of Plaintiffs' Complaint. Venue is now proper in the United States District Court, Northern District of Georgia, Rome Division.

7.

Defendants reassert and reallege each and every answer contained in Paragraphs 1 through 6 above, as if fully restated verbatim herein.

8.

Defendants deny the allegations contained in paragraph 8 of the Plaintiffs' Complaint, as stated. Defendant Wal-Mart Stores East, LP shows that it is a "limited partnership".

9.

Defendants deny the allegations contained in paragraph 9 of the Plaintiffs' Complaint, as stated. Defendant Walmart, Inc. did not own or operate the store.

10.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 10 of the Plaintiffs' Complaint.

11.

Defendants deny the allegations contained in paragraph 11 of the Plaintiffs'

Complaint.

12.

Defendants deny the allegations contained in paragraph 12 of the Plaintiffs' Complaint.

13.

Defendants deny the allegations contained in paragraph 13 of the Plaintiffs' Complaint, as stated.

14.

Defendants deny the allegations contained in paragraph 14 of the Plaintiffs' Complaint.

15.

Defendants deny the allegations contained in paragraph 15 of the Plaintiffs' Complaint.

16.

Defendants deny the allegations contained in paragraph 16 of the Plaintiffs' Complaint.

17.

Defendants deny the allegations contained in paragraph 17 of the Plaintiffs' Complaint.

18.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 18 of the Plaintiffs' Complaint at this time.

19.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 19 of the Plaintiffs' Complaint.

20.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 20 of the Plaintiffs' Complaint.

21.

Defendants deny the allegations contained in paragraph 21 of the Plaintiffs' Complaint.

22.

Defendants reassert and reallege each and every answer contained in Paragraphs 1 - 22 above, as if fully restated verbatim herein.

23.

Defendants admit the allegations contained in paragraph 23 of the Plaintiffs' Complaint. The applicable statute speaks for itself.

24.

Defendants deny the allegations contained in paragraph 24 of the Plaintiffs' Complaint, as stated. The applicable case law has been omitted.

25.

Defendants deny the allegations contained in paragraph 25 of the Plaintiffs' Complaint.

26.

Defendants deny the allegations contained in paragraph 26 of the Plaintiffs' Complaint.

27.

Defendants deny the allegations contained in paragraph 27 of the Plaintiffs' Complaint.

28.

Defendants deny the allegations contained in paragraph 28 of the Plaintiffs' Complaint.

29.

Defendants deny the allegations contained in paragraph 29 of the Plaintiffs' Complaint.

30.

Defendants deny the allegations contained in paragraph 30 of the Plaintiffs' Complaint.

31.

Defendants reassert and reallege each and every answer contained in Paragraphs 1-31 above, as if fully restated herein.

32.

Defendants deny the allegations contained in paragraph 32 of the Plaintiffs' Complaint, as stated. The applicable statute and case law speak for themselves.

33.

Defendants deny the allegations contained in paragraph 33 of the Plaintiffs' Complaint, as stated.

34.

Defendants deny the allegations contained in paragraph 34 of the Plaintiffs' Complaint.

35.

Defendants deny the allegations contained in paragraph 35 of the Plaintiffs' Complaint.

36.

Defendants deny the allegations contained in paragraph 36 of the Plaintiffs' Complaint.

37.

Defendants deny the allegations contained in paragraph 37of the Plaintiffs' Complaint.

38.

Defendants deny the allegations contained in paragraph 38 of the Plaintiffs' Complaint.

39.

Defendants reassert and reallege each and every answer contained in Paragraphs 1 - 39 above, as if fully restated verbatim herein.

40.

Defendants deny the allegations as to that portion of Plaintiff being "injured in a slip and fall", and lack sufficient information to either admit or deny the remaining allegations contained in paragraph 40 of the Plaintiffs' Complaint.

41.

Defendants deny the allegations contained in paragraph 41 of the Plaintiffs' Complaint.

42.

Defendants deny the allegations contained in paragraph 42 of the Plaintiffs' Complaint.

43.

Defendants deny the allegations contained in paragraph 43 of the Plaintiffs' Complaint.

44.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

45.

Defendants deny Plaintiffs' prayer for relief, including subparagraphs a), b), c), d), e), f), g), h), i), j), and k) , thereof.

WHEREFORE, Defendants pray that Plaintiffs' Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANTS DEMAND TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

- Signature page follows -

McLAIN & MERRITT, P.C.

/s/ Ashley A. Bagiatis
Ashley A. Bagiatis
Georgia Bar No. 141360
Attorneys for Defendants
WALMART INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road NE
Suite 500
Atlanta GA 30326
(404) 266-9171
(404) 364-3138 (fax)
aabagiatis@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WALMART INC. AND WAL-MART STORES EAST, LP has this day been filed and served upon opposing counsel via Peach Court E-File.

This the 12th day of January, 2024.

McLAIN & MERRITT, P.C.

/s/ Ashley A. Bagiatis
Ashley A. Bagiatis
Georgia Bar No. 141360
Attorneys for Defendants
WALMART INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road NE
Suite 500
Atlanta GA 30326
(404) 266-9171
(404) 364-3138 (fax)
aabagiatis@mmatllaw.com

IN THE STATE COURT OF CATOOSA COUNTY

STATE OF GEORGIA

RICHARD EDGAR DURHAM AND
JANET LYNN DURHAM,

Plaintiff,

v.

WALMART INC. AND
WAL-MART STORES EAST, LP (DELAWARE),

Defendants.

Civil Action File No. STCV2023000129

## <u>12-PERSON JURY DEMAND</u>

COME NOW Defendants, WALMART INC. and WAL-MART STORES EAST, LP and demand a trial by a jury of twelve (12) persons.

McLAIN & MERRITT, P.C.

<u>/s/ Ashley A. Bagiatis</u>
Ashley A. Bagiatis
Georgia Bar No. 141360
Attorneys for Defendants
WALMART INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road NE
Suite 500
Atlanta GA 30326
(404) 266-9171
(404) 364-3138 (fax)
aabagiatis@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **12-PERSON JURY DEMAND** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This the 12th day of January, 2024.

McLAIN & MERRITT, P.C.

/s/ Ashley A. Bagiatis
Ashley A. Bagiatis
Georgia Bar No. 141360
Attorneys for Defendants
WALMART INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road NE
Suite 500
Atlanta GA 30326
(404) 266-9171
(404) 364-3138 (fax)
aabagiatis@mmatllaw.com